## Dwight et al. *v.* Carson, Administrator.

A purchaser, disturbed in his possession by the institution of a suit, cannot require security for any portion of the price which has been paid. C. C. 2538.

Where a party ordered to give security before taking out execution, executes a bond, with surety, for a certain sum, but, on an objection to the bond as not for a sufficient amount, executes a second bond, with the same obligors, for a further sum, the mere fact that two bonds were given instead of one will not authorize an injunction.

A debtor of an insolvent succession cannot plead in compensation, judgments against the succession acquired by him since he became its debtor. His claim under such judgments can only be paid contradictorily with the other creditors of the succession, and partially, or in full, according to its rank. C. C. 1056.

APPEAL from the District Court of St. Mary, *Boyce*, J. *W. C. Dwight*, for the appellants. *Simon* and *Morphy*, for the defendant. The judgment of the court was pronounced by

King, J. The plaintiffs were sued by the administrator of *Johnson* for the residue of the price of the slave *Isabella*, and resisted the demand on the ground that the slave was entitled to her freedom. A judgment was rendered against them, *in solido*, for $131 88, which, on an appeal to the Supreme

DWIGHT
v.
CARSON.

Court, was affirmed; but the administrator was required, before issuing execution, to give the plaintiff, *W. C. Dwight*, security against the consequences of a suit then pending in which the slave claimed her liberty. The case is reported in 5th Robinson's Reports, p. 484. In pursuance of this decree, *Carson*, the administrator, filed with the clerk of the court a bond for $131 88, and issued an execution upon the judgment, which was enjoined on the ground, among others, that the bond was for an insufficient sum, and the injunction was sustained. An additional bond, with surety, for $50, was then filed by the administrator, and a second execution was issued, which has been enjoined in the present action, on the grounds: that the bonds furnished are inadequate to secure the plaintiff, *W. C. Dwight*, against the event of eviction; that the bonds were not tendered to him, but were filed with the clerk, of which he received no notice, previously to the issuing of the execution. He further pleads in compensation, two small judgments against the administrator. The injunction was dissolved in the court below, and the plaintiffs have appealed.

The slave was adjudicated to the plaintiff, *W. C. Dwight*, for $700, and he insists that, under the decree of the Supreme Court, he has a right to demand security for the reimbursement of the entire price, in the event of eviction. To this he is clearly not entitled. He had paid the first instalment, and, on a seizure and sale of the slave, $232 62 had been made, and applied towards the second instalment. These payments having been made previous to the disturbance, he was not authorised to demand security as regards them. Civil Code, art. 2538.

The bonds filed were for a sufficient sum to cover the amount for which the administrator was bound to give security, and we think there is no weight in the objection that two bonds were given instead of one. The obligors in both were the same, and the second was given as an additional security, upon the complaint of the plaintiff, *W. C. Dwight*, that the first was insufficient.

This plaintiff complains that the bonds were not formally presented to him, and that no opportunity was afforded of objecting to their sufficiency, or of paying the debt without the further accumulation of costs, if he had deemed them adequate. It is clear that he was aware that the bonds had been filed when he obtained his injunction, and yet he made no objection that the surety offered was not possessed of the qualifications required by law. If that objection had been taken and sustained by proofs, his injunction must have been sustained; or, if he had deemed the security sufficient, and paid the debt, he could not have been taxed with the costs of an execution which issued previous to notice, or a tender of security. The plaintiff was exposed to no loss which required that the execution of the judgment should be suspended, in order to protect his rights.

The two judgments held by *W. C. Dwight* cannot be allowed as offsets against the defendant's demand. *Carson* claims as the administrator of a succession which the plaintiffs themselves aver to be insolvent, and both of the judgments which *Dwight* offers in compensation were acquired long after he became the debtor of the succession. His claim can only be paid contradictorily with the other creditors. *Crain v. Baillio*, 2 La. 84. Civil Code, art. 1056.

*Judgment affirmed.*